

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| AYODAPO OLADAPO,<br>On behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SMART ONE ENERGY, LLC<br>Defendant. | NO. **14 CV 7117**<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>RECEIVED<br>SEP 04 2014<br>U.S.D.C. S.D. N.Y. |

### CLASS ACTION COMPLAINT

Plaintiff Ayodapo Oladapo files this class action complaint on behalf of himself and all others similarly situated, by and through the undersigned attorneys, against Defendant Smart One Energy, LLC ("Smart One") or ("Defendant") and alleges as follows upon personal knowledge as to himself and his own acts and experiences and, as to all other matters, upon information and belief based upon, *inter alia*, the investigation conducted by his attorneys.

### NATURE OF THE CASE

1.     Plaintiff brings this class action individually and on behalf of the Class defined below against Defendant to obtain relief, including, among other things, damages and declaratory relief. This class action is brought to remedy violations of law in connection with Defendant's fraudulent and deceptive bait-and-switch sales model with their variable rate customers. Defendant represents to potential customers that, if they switch to Smart One from

1

their local utilities or other energy suppliers, they will receive a low introductory rate on their energy bill, followed by competitive market-based rates and savings on their energy bills. However, these representations are a misleading and deceptive bait-and-switch scheme. Unfortunately for its customers, following the low introductory rate, Defendant's gas rates increase, causing Smart One customers' gas bills to rise substantially.

2.      Defendant's sales pitch is false and misleading in that the rates actually charged to consumers are not competitive and bear little relation to prevailing market conditions. As a consequence of this unfair and deceptive scheme, consumers across the nation are essentially being scammed out of millions of dollars in exorbitant gas charges.

## JURISDICTION AND VENUE

3.      This is a proposed class action covering the states of Maryland, Michigan, and New York. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), because Plaintiff and Defendant are of diverse citizenship (Plaintiff is a citizen of Waldorf, Maryland and Defendant's headquarters/principal place of business is located in Monsey, New York) and the aggregate amount in controversy exceeds seventy-five thousand dollars ($75,000.00) exclusive of interest and costs; and pursuant to 28. U.S.C. §1332(d)(2), because the Plaintiff and the vast majority of the putative class (each individual member a "Class member" and collectively the "Class members") are of diverse citizenship from the Defendant and the aggregate amount in controversy exceeds five million dollars ($5,000,000.00) exclusive of interest and costs. There are 100 or more members of the proposed Plaintiff Class.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here, a substantial part of

the property that is the subject of this action is situated in this district, and Defendant is subject to personal jurisdiction in this District.

## PARTIES

5.     Plaintiff Ayodapo Oladapo is a resident of Waldorf, Maryland. In or around June 2013, Plaintiff switched his natural gas supplier to Smart One Energy with the promise of energy savings and competitive market rates.

6.     Defendant Smart One Energy, LLC, a corporation with its principal place of business in Monsey, New York, is a retail gas provider.

## FACTUAL ALLEGATIONS

7.     Prior to deregulation, gas was supplied and distributed by local utility companies. Over the last several years, a number of states have begun to change the regulations in the energy industry to enhance competition between energy providers.

8.     In theory, the deregulation of energy is supposed to allow consumers to shop around for the best energy rates. However Defendant exploits deregulated markets, by engaging in a misleading and deceptive bait-and-switch sales scheme with potential consumers.

9.     Defendant lures consumers to switch from their local utility companies or other energy suppliers, with the misleading promise that they will receive energy savings. Defendant's misleading scheme promises consumers low introductory rates, followed by a competitive market rate. However in reality, after the introductory rate, consumers' energy bills increase dramatically.

10.     In reality, the market fluctuations actually increase the rates that Plaintiff and other Class members pay for their gas, a material fact that Defendant does not disclose.

3

11.     Defendant consistently and repeatedly represents its rates as both low and competitive, and guarantees customer satisfaction, with statements on its website and in its marketing materials such as the following:

"You want to save money and energy…we want to help you achieve that goal"

"Join the ever growing number of Customers who are saving with SMART ONE ENERGY today."

"[W]e remain committed to the core principles on which we were founded: Lowering our customers' energy bills safely and reliably."

"SMART ONE ENERGY offers competitive month to month pricing, resulting in significant savings on your Gas Supply which will vary depending on your State."

"Everything stays the same when you change to SMART ONE ENERGY, except for your *increased savings*."[1]

"Competitive month to month pricing, resulting in significant savings on your Gas Supply"

"Mission to help both residential and business customers lower their energy bills"[2]

12.     These statements are materially misleading because by switching to Smart One, consumers receive energy services that are substantially more costly.

---

[1] See www.smartoneenergy.com
[2] http://www.slideshare.net/smartoneenergyllc/smart-one-energy-llc-reviews

13.     A reasonable consumer hearing these statements would believe that switching to Smart One would be beneficial to them and that they would enjoy unparalleled energy costs savings.

14.     Defendant misleads consumers with language such as "increased savings" when in actuality a substantial increase in a consumer's energy bill is almost inevitable.

15.     Defendant's representations regarding rates and energy savings are materially misleading to consumers.

16.     Defendant's misrepresentations and omissions caused injury to Plaintiff and Class members because they believed that they would receive energy costs savings on their gas bills, when in actuality, Plaintiff and Class members were actually charged substantially more for their energy supply by switching to Smart One. Had Plaintiff and the Class known that they would be charged substantially more for their energy supply by switching to Smart One, they would not have enrolled with Smart One.

17.     Plaintiff and the Class have sustained economic injury and damages as a result of Defendant's wrongful conflict.

### Plaintiff's Experience With Smart One Energy

18.     After viewing Smart One's above-described website and marketing brochures, Plaintiff switched to Smart One as his gas supplier.

19.     Plaintiff enjoyed reasonable energy rates for 2 months, but after the second month Smart One substantially increased its gas rates and charged Plaintiff substantially higher rates than his local utility provider Washington Gas ("WG") were charging their customers each month, as represented in the following charts:

5

*The numbers in the charts represent the dollar rate per Therm*

| Months/2013-2014 | Aug. | Sep. | Oct. | Nov. | Dec. | Jan. | Feb. | Mar. | Apr. | May. |
|---|---|---|---|---|---|---|---|---|---|---|
| WG | .4823 | .5131 | .5555 | .5555 | .5798 | .6104 | .6631 | .9472 | .8342 | .7371 |
| Smart One | .6500 | .7900 | .7900 | .7900 | .7900 | .7900 | .9800 | .9800 | .9800 | .9800 |

20.     As seen in the above chart, for the past 10 months, Smart One's rates have risen and were as much as 35% higher than WG's rates.

21.     Smart One's rate increased steadily and substantially from 65 cents in August 2013 to 98 cents, a 34% increase by May 2014.

22.     Defendant's misstatements and omissions from its marketing brochures and website caused injury to Plaintiff because he believed that he would be saving money by switching to Smart One. Plaintiff would not have enrolled in Smart One but for Defendant's deceptive and unconscionable marketing and business practices. Had Plaintiff known that the rates he would be charged by Smart One would be substantially higher than his local utility provider, he would not have made the decision to switch.

23.     Similarly, other Class members have routinely paid substantially more for their energy supply since switching to Smart One, and have not received any savings benefits.

## Online Customer Complaints

24.     Numerous complaints about Defendant's deceptive and misleading marketing and pricing schemes have been raised on the Internet.

25.     Consumers regularly complain that they were lured into switching energy suppliers to Smart One with the promise of energy bill savings, but following a low promotional

6

rate, their energy bills skyrocketed, sometimes even doubling in price from their previous utility provider.

26.     Below is a small sample of customer complaints made on the Internet regarding Defendant's fraudulent sales and marketing scheme:

- o   On June **, 2013, I contacted Smart One Energy canceling my service with them because it was of no benefit to me as using this service was extremely higher than the energy cost provide through Washington gas. However, unbeknowst to me, they continued to bill me. Recently, I noticed this billing and I contacted them to correct the problem; they pointed the finger at Washington Gas stating that Washington Gas continues to send them my meter readings. I have been trying for two days to resolve the problem but have been unable too. Someone from Smart One Energy called me at work selling me their service as a Natural Gas Supplier. I have always been with ********** *** and they(********** ***) are also my Natural Gas Supplier. I never had any billing problems and they have billed me reasonably (between $18 a month in mild climates - $40 a month during cold climates). Smart One Energy promised me that "there will not be any changes to my account with ********** ***" and they will also make "my bill cheaper every month". I did not see the reduction of monthly costs. And now, suddenly I have this exuberant $53.90 "POR Commodity" fee on top of my $38.57 consumption that was a typical bill I get in the winter time with ********** ***. They NEVER told me that there is this huge charge now on top of my bill. They specifically said "there will not be any changes to my account with ********** ***" and "my bill will be cheaper every month". How can my bill go from what it was with ********** *** to $93.00??!!!! Does that represent "my bill will be cheaper every month"???? They should not be in business. I am not paying that $53.90 and they need to write that off. That is a resolution I want.

- o   A representative called and said she was from Washington Gas and that I qualified for a promotion for a 10% discount and I wouldn't have to pay a bill for the next 2 months. I asked if this promotion would change the terms of my account and she said no. I go through a 3rd party company name XXXX, that contacted me and said my account had been terminated. I informed them that I didn't terminate the account. I contacted Washington Gas and they said they aren't doing any promotions and advised me to call Smart One Energy. I had never heard of this company. Washington Gas gave me a number for Smart One Energy that was disconnected or changed ###-###-####. XXXX is now requiring me to pay a $150 termination fee. I am trying to negotiate this with them but I am highly disappointed that I was scammed and Washington Gas says they have nothing to do with it.

7

- o Washington Gas is my gas provider. I am a single person who does not cook! I eat out every night. So imagine my surprise when my approximate $30 bill has now turn into over $400. My bill with Washington Gas is $200, but I now have a bill for over $200 for Smart One Energy. When I was approached by Smart One a couple of years ago, I was told that my monthly bill would not change and that in fact in some cases it would be cheaper. For the most part that was true. All of a sudden, my bill has ballooned! I called Washington Gas and was told that if I did not have Smart One Energy, my bill would only be $200 (it's high because I have not paid my bill due to monetary issues). Nonetheless, I feel as though I was lied to. I would not have signed up for this program had I known it was going to unnecessarily double my bill. Washington Gas advised me to call Smart One to cancel, but I am having no luck. I've left messages on a toll free number and have not received a call back. I've called several times (several different times of the day) with no luck. I even chose the option to enroll in the plan with no luck. Now I feel as though I am stuck with this service that is of no use to me and it is continuously skyrocketing.

- o Smart One Energy infiltrated itself as my gas supply provider and energy supplier, without my permission. They virtually forced themselves onto my bill with inflated prices. And I am having difficulty canceling their services, which I never agreed on in the first place.[3]

27. These complaints reflect the false and misleading course of conduct that Defendant is engaged in, resulting in damages to consumers across the nation.

28. On January 13, 2014, the Better Business Bureau ("BBB") raised concerns about Smart One's advertising on its website and requested that Smart One substantiate its claims regarding its energy costs savings. As of February 12, 2014, Smart One has not responded to BBB's requests for clarification or modification of the aforementioned issues.[4]

---

[3] http://www.bbb.org/new-york-city/Business-Reviews/energy-service-companies/smart-one-energy-llc-in-kaser-ny-118720/Complaints#breakdown

[4] http://www.bbb.org/new-york-city/Business-Reviews/energy-service-companies/smart-one-energy-llc-in-kaser-ny-118720/

## CLASS ACTION ALLEGATIONS

29.     Plaintiff brings this suit as a class action on behalf of himself and all Smart One

Energy customers with variable-rate plans from January 1, 2010 to the present. The proposed

class (the "Class") is defined as follows:

> All Smart One variable-rate customers in Maryland, Michigan, and New York who used
> Smart One as their gas supplier. Excluded from the Class are (a) any Judge or Magistrate
> presiding over this action and members of their families; (b) Smart One Energy, LLC and
> their subsidiaries and affiliates; and (c) all persons who properly execute and file a timely
> request for exclusion from the Class.

30.     Plaintiff reserves the right to redefine the Class(es) prior to class certification.

31.     The exact number of Class members is unknown as such information is

in the exclusive control of the Defendant. Plaintiff, however, believes that the Class

encompasses thousands of individuals who are geographically dispersed throughout

the nation.  Therefore, the number of persons who are members of the Class described

above are so numerous that joinder of all members in one action is impracticable.

32.     Questions of law and fact that are common to the entire Class

predominate over individual questions because the actions of the Defendant

complained of herein were generally applicable to the entire Class.  These legal and

factual questions include, but are not limited to:

> a.  The nature, scope and operations of Defendant's wrongful practices;
>
> b.  Whether Defendant engaged in fraudulent practices as to Class
>     members;
>
> c.  Whether Defendant's conduct amounts to a violation of the Maryland
>     Consumer Protection Act;

9

d.  Whether Defendant breached its contracts with consumers;

e.  Whether Defendant breached the covenant of good faith and fair dealing with Class members;

f.  Whether Defendant negligently misrepresented the true nature of its energy rates;

g.  Whether Defendant has been unjustly enriched;

h.  Whether Plaintiff and the Class suffered damages as a result of Defendant's misconduct and, if so, the proper measure of damages.

33.     Plaintiff's claims are typical of the members of the Class because Plaintiff and Class members were injured by the same wrongful practices of Defendant's as described in this Complaint.  Plaintiff's claims arise from the same practices and course of conduct that gives rise to the claims of the Class members, and are based on the same legal theories.  Plaintiff has no interests that are contrary to or in conflict with those of the Class he seeks to represent.

34.     Questions of law or fact common to Class members predominate and a class action is superior to other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all Class members is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by Class members are likely to be in the millions of dollars, the individual damages incurred by each Class member resulting from Defendant's wrongful conduct are, as a general matter, too small to warrant the expense of individual suits.  The likelihood of individual Class members prosecuting

10

separate claims is remote and, even if every Class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials on the same factual issues. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action and certification of the Class under Rule 23(b)(3) is proper.

35.     Relief concerning Plaintiff's rights under the laws herein alleged and with respect to the Class would be proper. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with regard to Class members as a whole and certification of the Class under Rule 23(b)(2) proper.

## COUNT I
## VIOLATIONS OF NEW YORK'S GENERAL BUSINESS LAW, SECTIONS 349-350
## (CONSUMER PROTECTION LAWS)
## N.Y. GBS. LAW §§ 349, 350

36.     Plaintiff re-alleges and incorporates by reference the allegations contained in all preceding paragraphs of this Class Action Complaint as though set forth fully herein.

37.     Plaintiff asserts this cause of action on behalf of himself and the other members of the Class.

38.     This cause of action is brought pursuant to New York General Business Law §§349 and 350 ("NYGBL").

39.     Sections 349 and 350 of the NYGBL state, in relevant part:

11

**New York General Business- Article 22-A- §349 Deceptive Acts and Practices Unlawful**

General Business
§349. Deceptive acts and practices unlawful. (a) Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful

**New York General Business- Article 22-A- §350 False Advertising Unlawful**

§350. False advertising unlawful. False advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful.

40.     Under the NYGBL, Defendant's misleading representations regarding energy costs savings and competitive market rates are unfair, deceptive and unconscionable.

41.     In the course of soliciting and promoting their energy cost savings and competitive market rates to consumers and in entering into agreements with consumers to provide such purported services, Defendant has engaged in deceptive acts and business practices in violation of NYGBL §349, and false advertising in violation of NYGBL §350.

42.     Defendant violated the NYGBL by engaging in a fraudulent and deceptive bait-and-switch- sales model of inducing customers to switch from their energy suppliers to Smart One Energy with a low promotional rate offer and energy savings, and then charging the consumer exorbitant non-competitive energy rates following the promotional period.

43.     Defendant violated the NYGBL by falsely representing that consumers would save money on their energy bills by switching to Smart One.

44.     Defendant violated the NYGBL by failing to disclose that on a consistent basis, Smart One's regular rates are substantially higher than its competitors and not competitive in the market.

12

45.     Defendant violated the NYGBL by failing to disclose to consumers that after the initial promotional period, energy rates were almost guaranteed to increase substantially.

46.     Defendant violated the NYGBL by failing to adequately inform consumers that Smart One's energy rates generally increase and will rarely ever be lower than the competitive market price.

47.     Defendant violated the NYGBL by representing to consumers that they can save consumers money on their energy bills, when in fact, consumers are more likely to obtain better rates and energy savings with their local public utility companies.

48.     Defendant's acts and practices as alleged in the foregoing paragraphs were false, misleading, deceptive, and unfair to consumers, in violation of the NYGBL.

49.     Plaintiff and Class members relied on Defendant's misrepresentations. Had Defendant disclosed in their marketing and sales statements that consumer's energy bills would more likely than not increase with Smart One, Plaintiff and Class members would not have switched to Smart One for their energy supply.

50.     As a direct and proximate result of Defendant's deceptive, fraudulent, and unfair practices, Plaintiff and Class members have suffered injury in fact and/or actual damages in an amount to be determined at trial.

51.     Plaintiff, on behalf of himself and all others similarly situated, demands judgment against Defendant for damages and declaratory relief.

## COUNT II
## BREACH OF CONTRACT

52.     Plaintiff re-alleges and incorporates by reference the allegations contained in all preceding paragraphs of this Class Action Complaint as though set forth fully herein.

13

53.     Where the relevant agreements between Smart One and its customers do not specify the applicable price, to prevent the contract from being too indefinite or from placing Plaintiff and the Class at Defendant's mercy, the agreements should be deemed to contain an implied contractual term mandating a reasonable price. In this case, a reasonable price would be the prevailing market rates in effect during the applicable class period. The best approximation of such a reasonable market price is the rates charged by the Plaintiff and Class members' local public utility companies.

54.     Defendant breached this implied contractual term by charging Plaintiffs and Class members unreasonable and exorbitant energy rates well above market prevailing rates.

55.     As a direct and proximate result of Defendant's wrongful conduct, the Plaintiff and Class members have suffered injury in fact and/or actual damages in an amount to be determined at trial.

56.     Plaintiff, on behalf of himself and all others similarly situated, demands judgment against Defendant for damages and declaratory relief.

### COUNT III
### BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

57.     Plaintiff re-alleges and incorporates by reference the allegations contained in all preceding paragraphs of this Class Action Complaint as though set forth fully herein.

58.     Defendant has a duty of good faith and fair dealing with respect to their dealings with consumers, including Plaintiff and the Class members.

59.     There is an implied duty of good faith and fair dealing in every contract, and Defendant had an implied duty to ensure that their marketing materials and other representations regarding gas rates were not false and misleading with respect to energy consumers.

14

60.     When a contract contains an unspecified price term such as in the Smart One variable-rate agreement, the seller does not have unlimited discretion to set the prices. Rather, under the covenant of good faith and fair dealing, the seller must set the prices reasonably and in good faith.

61.     Defendant breached the covenant of good faith and fair dealing by engaging in deceptive and misleading representations of energy costs savings and failing to set its rates at a competitive market rate, and instead, charging customers excessive energy rates that generally far exceed the market rate by as much as 50%. In so doing, Defendant acted recklessly, maliciously, in bad faith, and without good cause, thereby preventing Plaintiff and the Class from receiving their reasonably expected benefits under the services agreements.

62.     Under the covenant of good faith and fair dealing, the court should read in the applicable price properly paid by the Class for Smart One's services as a reasonable, market-based rate, which is the rate charged by the Class members' local public utilities companies during the class period. All monies paid above this reasonable amount should be restored to the Class as damages.

63.     Plaintiff and Class members relied to their detriment upon misleading assertions and conduct of the Defendant and such reliance may be presumed based on the Defendant's unlawful conduct.

64.     As a direct and proximate result of Defendant's deceptive, fraudulent, and unfair practices, Plaintiff and Class members have suffered injury in fact and/or actual damages in an amount to be determined at trial.

15

65.     Plaintiff, on behalf of himself and all others similarly situated, demands judgment against Defendant for damages and declaratory relief.

## COUNT IV
## COMMON LAW FRAUD, INCLUDING FRAUDULENT INDUCMENT, AND FRAUDULENT CONCEALMENT

66.     Plaintiff re-alleges and incorporates by reference the allegations contained in all preceding paragraphs of this Class Action Complaint as though set forth fully herein.

67.     Defendant made several false and fraudulent representations of material fact to Plaintiff and Class members regarding the cost savings benefits of switching to Smart One, and concealed certain material information regarding the upward trend of their energy rates from the Plaintiff and Class members.

68.     Among those representations, Defendant through its website and marketing brochures fraudulently represented to consumers that they would save money on their energy bills by switching to Smart One.

69.     Defendant fraudulently represented to consumers that their energy rates were competitive in the market when in fact, on a consistent basis, their rates are not competitive and more often than not, higher than the market rate.

70.     Defendant fraudulently concealed from consumers that after the initial promotional period, their energy rates were almost guaranteed to increase substantially, generally higher than the rates at local utility companies.

71.     Defendant's misrepresentations and concealments of material facts concerning their energy rates and alleged savings were made purposefully, willfully, wantonly, and recklessly to induce Plaintiff and the Class to switch to Smart One as their energy supplier.

72.    At the time Defendant made these misrepresentations and concealments, and at the time Plaintiff and consumers switched to Smart One, Plaintiff and consumers were unaware of the falsity of these representations, and reasonably believed them to be true.

73.    In making these representations, Defendant knew they were false and intended that the Plaintiff and Class members would rely upon such misrepresentations.

74.    Plaintiff and Class members did in fact rely upon such misrepresentations.

75.    Defendant's misrepresentations fraudulently induced Plaintiff and Class members to switch to Smart One, only to have their energy bills increase.

76.    Plaintiff and Class members' reliance was reasonable as they trusted that Defendant would act honestly and in good faith.

77.    As a direct and proximate result of Defendant's deceptive, fraudulent, and unfair practices, Plaintiff and Class members have suffered injury in fact and/or actual damages in an amount to be determined at trial.

78.    Plaintiff, on behalf of himself and all others similarly situated, demands judgment against Defendant for damages and declaratory relief.

## COUNT V
## NEGLIGENT MISREPRESENTATION

79.    Plaintiff re-alleges and incorporates by reference the allegations contained in all preceding paragraphs of this Class Action Complaint as though set forth fully herein.

80.    Under the circumstances alleged, Defendant owed a duty to Plaintiff and the Class to provide them with accurate information regarding the true nature of Smart One's energy rates and lack of energy cost savings.

17

81.     Defendant represented to Plaintiff and Class members that by switching to Smart One, they would enjoy savings with competitive market rates.

82.     Defendant's representations were false, negligent and material.

83.     Defendant negligently made these false misrepresentations with the understanding that Plaintiff and Class members would rely upon them.

84.     Plaintiff and Class members did in fact reasonably rely upon these misrepresentations and concealments made by Defendant.

85.     As a direct and proximate result of Defendant's negligent actions, Plaintiff and Class members have suffered injury in fact and/or actual damages in an amount to be determined at trial.

86.     Plaintiff, on behalf of himself and all others similarly situated, demands judgment against Defendant for damages and declaratory relief.

## COUNT VI
## UNJUST ENRICHMENT

87.     Plaintiff re-alleges and incorporates by reference the allegations contained in all preceding paragraphs of this Class Action Complaint as though set forth fully herein.

88.     Plaintiff and the Class have conferred substantial benefits on Defendant by switching to Smart One as their energy supplier, and Defendant has consciously and willingly accepted and enjoyed these benefits.

89.     Defendant knew or should have known that consumers' payments for Smart One energy were given and received with the expectation that consumers would be saving money on their energy bills as represented by Defendant.

90.    Because of the deliberate fraudulent misrepresentations, concealments, and other wrongful activities described above, including but not limited to, inducing consumers to switch to Smart One with representations of energy cost savings, and charging consumers exorbitant undisclosed rates grossly out of line with market conditions, Defendant has been unjustly enriched by their wrongful receipt of Plaintiff and Class members' monies.

91.    As a direct and proximate result of Defendant's wrongful conduct and unjust enrichment, Plaintiff and Class members have suffered damages in an amount to be determined at trial.

92.    Defendant should be required to disgorge all monies, profits and gains which they have obtained or will unjustly obtain in the future at the expense of consumers.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this case be certified and maintained as a class action and for a judgment to be entered upon Defendant as follows:

A.  Appointing Plaintiff as the representative of the Class and their counsel as Class counsel;

B.  For economic and compensatory damages on behalf of Plaintiff and all Class members;

C.  For actual damages sustained;

D.  For treble damages pursuant to law, and all other actual, general, special, incidental, statutory, punitive, and consequential damages to which Plaintiff and Class members are entitled;

E.  For injunctive relief, compelling Defendant to cease their unlawful actions;

19

F. For reasonable attorneys' fees, reimbursement of all costs for the prosecution of

this action, and pre-judgment and post-judgment interest; and

G. For such other and further relief this Court deems just and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff respectfully demands a trial by jury on all issues within the instant action so

triable.

Dated: September 04, 2014

By: /s/

Taylor Asen, Esq.
(Bar Number: 5101738)
Cuneo Gilbert & LaDuca, LLP
16 Court Street, Suite 1012
Brooklyn, NY 11241
Telephone: (202) 789-3960
Email: tasen@cuneolaw.com

Charles J. LaDuca, Esq.
(Bar Number: 3975927)
Beatrice Yakubu, Esq.
Cuneo Gilbert & LaDuca, LLP
8120 Woodmont Avenue,
Suite 810
Bethesda, MD 20814
Telephone: (202) 789-3960
Facsimile: (202) 789-1813
Email: charles@cuneolaw.com
            byakubu@cuneolaw.com

Richard Greenfield, Esq.
Greenfield and Goodman LLC
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (917) 495-4446
Email: whitehatrdg@earthlink.net

*Counsel for Plaintiff*

20

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

| | |
|---|---|
| AYODAPO OLADAPO, <br> On behalf of himself and all others similarly situated, <br> *Plaintiff* <br><br> v. <br><br> SMART ONE ENERGY, LLC <br><br> *Defendant* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   SMART ONE ENERGY, LLC
455 ROUTE 306, SUITE 125
MONSEY, NEW YORK, 10952

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Taylor Asen
Cuneo Gilbert & LaDuca, LLP
16 Court Street, Suite 1012
Brooklyn, NY 11241

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____         _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


Date: _____                         _____
                                                          *Server's signature*

                                              _____
                                                          *Printed name and title*


                                              _____
                                                          *Server's address*

Additional information regarding attempted service, etc: