**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AYODAPO OLADAPO, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SMART ONE ENERGY, LLC,<br><br>Defendant. | Case No. 1:14-cv-07117-LTS |

**MEMORANDUM OF LAW IN SUPPORT OF UNCONTESTED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

## I.     INTRODUCTION

Plaintiff Ayodapo Oladapo ("Plaintiff") submits this memorandum of law in support of his Motion for Preliminary Approval of Class Action Settlement.

Under the terms of the Settlement and Release of Claims ("Agreement"), attached as Exhibit 1, between Plaintiff and Defendant Smart One Energy ("Smart One" or "Defendant"), Defendant has agreed to provide valuable and substantial benefits to Settlement Class Members to resolve this Lawsuit. The Agreement contains all of the material terms of the Settlement, including the manner and form of notice proposed to be provided to the members of the Settlement Class, the conditions or contingencies pertaining to the settlement's final approval, and other necessary and proper terms under Fed. R. Civ. P. 23 ("Rule 23").

The Settlement meets the criteria for preliminary approval, and is well within the range of what might be approved as fair, reasonable, and adequate. As such, Plaintiff respectfully moves this Court to enter the Proposed Preliminary Approval Order, attached hereto as Exhibit 2, preliminarily approving the proposed settlement, conditionally certifying for settlement purposes only a Settlement Class (described below), and providing for notice to members of the Settlement Class.

The Court has good cause to grant preliminary approval of this settlement, which is the product of lengthy vigorous arm's-length negotiations by experienced counsel. The resulting settlement is a fair, reasonable and adequate resolution of all claims. All of the parties were aware of the relevant facts and legal claims at issue in the litigation. While this case involves hotly contested factual and legal issues, they are relatively narrow in scope.

At issue is whether Smart One allegedly misrepresented to customers that its rates for the supply of electricity and natural gas would be determined based on market-related conditions and

would generate savings to consumers over what they were paying for such energy through regulated utilities, and whether Smart One allegedly breached its contracts with its customers and/or acted in bad faith in setting its rates. That the parties reached a settlement before they, and the Court, incurred substantial time and resource costs is not a reason to question the fairness and reasonableness of the settlement. To the contrary, the parties should be commended for reaching a fair and reasonable settlement without incurring unnecessary costs.

Preliminary approval of the settlement and conditional certification of the Settlement Class will allow Smart One to notify putative Class members of the settlement and of their right to participate, object or opt out. Preliminary approval does not require the Court to rule on the ultimate fairness of the settlement, but only to make a "preliminary determination" of the "fairness, reasonableness, and adequacy" of the proposed settlement. *See* Federal Judicial Center, Manual for Complex Litigation, § 21.632 (4th ed. 2004). As set forth herein, the Court should order notice of the settlement to be provided, as the settlement is fair and reasonable, and the form of the notice is the most practicable under the circumstances and comports with due process.

## II.     PERTINENT PROCEDURAL HISTORY

This Lawsuit was initiated against Smart One on September 4, 2014. Following the filing of two amended complaints and a motion to dismiss the First Amended Complaint ("FAC"), a motion to dismiss the Second Amended Complaint ("SAC") was filed on June 8, 2015.  ECF 38. On January 27, 2016, this Court denied Smart One's motion to dismiss in its entirety.  ECF 54. Shortly thereafter, informal discovery began, including, among other things, seeking Smart One's marketing materials and obtaining information regarding the marketing practices of other

companies in the same industry as Smart One. In addition, following the Court's January 27, 2016 Order, Smart One responded to informally-served discovery propounded by Plaintiff.

The Parties continued discussions regarding the risks that the Court might not certify a national, statewide, or any other class or sub-class of Smart One customers; and/or the risks associated with the case proceeding to a decision on the merits after a fully-developed record.

Accordingly, in or about April 2016, the Parties began discussing whether it made sense for them to attempt to negotiate a comprehensive nationwide settlement through mediation. On July 21, 2016, the Parties attended a one-day in-person mediation, which was conducted in New York City before the Hon. Stephen M. Orlofsky (Ret.), and continued telephonically and via email thereafter up until November 2016. With Judge Orlofsky's active assistance and guidance, counsel for the Parties were able to negotiate a settlement in principle, memorialized in a Memorandum of Understanding, which sets forth all material terms of the Agreement. Ultimately, the Stipulation of Settlement was executed by the parties on May 4, 2017.

### III.      SUMMARY OF THE SETTLEMENT

The proposed Settlement contains the following material terms:

### Settlement Class

The Settlement Class is defined as: All Persons in the United States who, during the Class Period, were customers enrolled in a Smart One variable rate energy plan. Excluded from the Settlement Class are: Smart One; any of its parents, subsidiaries, or affiliates; any entity controlled by any of them; any officer, director, employee, legal representative, predecessor, successor, or assignee of Smart One; the Judge presiding over this action or related action; any person who has previously released claims that will be released by this Settlement; any person

who filed a valid, timely request for exclusion (*i.e.*, an Opt-Out); and any federal, state, and local governments (including all agencies and subdivisions thereof, but excluding employees thereof).

### Settlement Consideration

Monetary Relief:

Defendant shall pay Class members who timely submit completed claim forms as follows:

Smart One will pay or cause to be paid twenty dollars ($20.00) to each Settlement Class[1] Member who received energy service from Smart One during the Class Period[2] who submits an accurate, complete, and Valid Claim[3].

Any Settlement Class Member that seeks amounts greater than those provided hereunder as a Basic Cash Settlement Benefit[4] may, in lieu of the Basic Cash Settlement Benefit, be entitled

---

[1] Agreement, Exhibit 1 at 10-11. "Settlement Class" means all Persons in the United States who, during the Class Period, were customers enrolled in a Smart One variable rate energy plan.

[2] Agreement, Exhibit 1 at 7. "Class Period" means any time up to and including December 31, 2016.

[3] Agreement, Exhibit 1 at 11-12. "Valid Claim" means a Claim Form submitted by a Settlement Class Member that:

a.  Is submitted in accordance with the directions accompanying the Claim Form and the provisions of the Agreement;

b.  Is, on the initial submission, accurate, fully, and truthfully completed and executed, with all of the information requested in the Claim Form, by a Settlement Class Member;

c.  Is signed physically or by electronic signature by a Settlement Class Member or Person with legal authority to sign for and bind a member of the Settlement Class, subject to penalty of perjury; and

d.  Is returned electronically or via mail and post-marked by the Claim Deadline, and is determined to be valid by the Class Action Settlement Administrator.

[4] Agreement, Exhibit 1 at 5. "Basic Cash Settlement Benefit" means the following form of payment available to Settlement Class Members: Smart One will pay or cause to be paid twenty dollars ($20.00) to each Settlement Class Member who received energy service from Smart One during the Class Period who submits an accurate, complete, and Valid Claim.

to a sum (the "Additional Claim Amount") as determined by the Arbitrator[5] through informal but

binding, non-appealable arbitration after appropriate input from Class Counsel and Smart One.

The total Additional Claim Amounts paid to Settlement Class Members will not exceed an

aggregate maximum amount of one hundred thousand dollars ($100,000.00).  The additional

Claim amounts will be paid exclusively out of any attorneys' fees awarded by this Court to Class

Counsel.  Smart One shall have no obligation to pay any portion of any Additional Claim

Amount.  To the extent that the total Additional Claim Amounts awarded to Settlement Class

Members pursuant to Arbitration exceeds one hundred thousand dollars ($100,000.00), the

amounts paid pursuant to Arbitration to Settlement Class Members shall be adjusted *pro rata*.  A

Class Member who elects the Arbitration Cash Benefit option, may withdraw that election for

any reason prior to the time it is submitted to the Arbitrator.  However, any Class Member who

withdraws from seeking the Arbitration Cash Benefit option must subsequently submit an

accurate, complete, and Valid Claim for Basic Cash Settlement Benefits in order to seek such

payment.

Equitable Relief:

Within thirty (30) days following the Effective Date[6] of this Settlement, Smart One shall

provide its sales agents with an instruction that they cannot state to prospective customers that

---

[5] Agreement, Exhibit 1 at 4. "Arbitrator" shall be the Hon. Stephen Orlofsky (Ret.), or such other neutral arbitrator appointed by Judge Orlofsky should he be unable to fulfill his responsibilities pursuant to this Agreement. Should Judge Orlofsky be unable to appoint a successor, the parties shall agree upon one and, failing such agreement, will make their respective suggestions to the Court.

[6] Agreement, Exhibit 1 at 7. Effective Date means the tenth (10th) calendar day after the date on which all of the following conditions are satisfied:

a.     Execution of the Agreement by Plaintiff and Smart One;

b.     Entry of the Final Approval Order and Judgment by the Court approving the Settlement embodied in the Agreement verbatim; and

Smart One's natural gas or electricity supply charges will always be lower than the incumbent utilities' natural gas or electricity supply charges unless such representation is substantiated at the time it is made.  Smart One shall also ensure that its Welcome Letter to new customers substantially conforms to the sample Welcome Letter attached to the Agreement.

Release:

In exchange for the valuable consideration provided by this Settlement, the Parties have agreed to the following release: "any and all manner of actions, causes of action, suits, accounts, claims, demands, controversies, judgments, obligations, damages and liabilities of any nature whatsoever, whether or not now known, suspected or claimed, that were asserted, or could have been asserted by or on behalf of Plaintiff in this action, or that could have been asserted by or on behalf of any Settlement Class Member against any Released Person, that relate to or arise out of the conduct alleged in the Complaints or similar conduct (including but not limited to alleged advertising, marketing, or disclosure violations or any variable rates Smart One charged during the Class Period for the supply of electricity or natural gas under any agreement, understanding, or program), and wherever the alleged conduct or similar conduct may have occurred." In addition, pursuant to Section L. of the Agreement, Plaintiffs agreed to waive any and all rights arising out of the provisions of CAL. CIV. CODE § 1542, and the parties agreed that the released claims constitute a specific and not a general release.

---

c.     The passage of the earliest date on which:  (i) the time for taking an appeal from the Final Approval Order and Judgment has expired, without any appeal having been taken or any motion for reconsideration, or other motion seeking to modify or vacate the Final Approval Order and Judgment having been filed; or (ii) if an appeal is taken, the highest court to which such appeal may be taken affirms the Final Approval Order and Judgment or dismisses the appeal without, in either case, any modification of the Final Approval Order and Judgment that is in any respect unsatisfactory to the Parties

<u>Attorneys' Fees</u>:

Subject to approval by the Court, in light of the substantial work, considerable expenses expended, and risks associated with prosecuting this Lawsuit on behalf of the Class, Smart One agrees not to oppose an application by Class Counsel for up to $235,000.00 to cover all fees and out-of-pocket expenses incurred in prosecuting this Lawsuit on behalf of the Settlement Class.

## IV.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 23(e) requires judicial approval for any settlement agreement that will bind absent class members. *See* Fed. R. Civ. P. 23(e). Strong judicial policy favors the settlement of class actions. *See Weinberger v. Kendrick*, 698 F.2d 61, 73 (2d Cir. 1982) ("There are weighty justifications, such as the reduction of litigation and related expenses, for the general policy favoring the settlement of litigation.") (citing 3 Newberg, Class Actions § 5570c, at 479–80 (1977); cf. *Williams v. First National Bank*, 216 U.S. 582, 595 (1910)). "Class action suits readily lend themselves to compromise because of the difficulties of proof, the uncertainties of the outcome, and the typical length of the litigation.  There is a strong public interest in quieting any litigation; this is particularly true in class actions." *In re Luxottica Grp. S.p.A. Sec. Litig.*, 233 F.R.D. 306, 310 (E.D.N.Y. 2006) (citations omitted). Thus, at the preliminary approval stage, the Court need only "make a preliminary determination of the fairness, reasonableness and adequacy of the settlement" so that notice of the settlement may be given to the Class and a fairness hearing may be scheduled to make a final determination regarding the fairness of the Settlement. *See* Newberg § 11.25; Manual for Complex Litigation (Fourth) §21.632 (2004). The Court need only find that there is "'probable cause' to submit the [settlement] to class members and hold a full-scale hearing as to its fairness." *In re Traffic Executive Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980); Newberg § 11.25 ("If the preliminary

evaluation of the proposed settlement does not disclose grounds to doubt its fairness . . . and [it] appears to fall within the range of possible approval," the court should permit notice of the settlement to be sent to class members).[7]

Moreover, "[a] presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) (quoting Manual for Complex Litigation (Third) § 30.42 (1995)) (internal quotations marks omitted). Where a settlement is achieved through arm's-length negotiations by experienced counsel and there is no evidence of fraud or collusion, "[courts] should be hesitant to substitute [their] judgment for that of the parties who negotiated the settlement." *In re EVCI Career Colleges Holding Corp. Sec. Litig.*, No. 05-10240, 2007 WL 2230177, at *4 (S.D.N.Y. July 27, 2007). "The central question raised by the proposed settlement of a class action is whether the compromise is fair, reasonable and adequate. There are weighty justifications, such as the reduction of litigation and related expenses, for the general policy favoring the settlement of litigation." *Weinberger v. Kendrick*, 698 F.2d 61, 73 (2d Cir. 1982) (citation omitted).

## V.    THE COURT SHOULD GRANT PRELIMINARY APPROVAL OF THE SETTLEMENT AGREEMENT

Courts assess proposed class action settlements to determine whether they are "fair, reasonable, and adequate."  Fed. R. Civ. P. 23(e)(2).  To do so, courts must determine whether both the negotiating process leading to a settlement and the settlement itself are fair, adequate and reasonable.  *See D'Amato v. Deutsche Bank*, 235 F.3d 78, 85 (2d Cir. 2001).  Where a

---

[7] *See also Danieli v. IBM*, No. 08-3688, 2009 WL 6583144, at *4–5 (S.D.N.Y. Nov. 16, 2009) (granting preliminary approval where settlement "has no obvious defects" and proposed allocation plan is "rationally related to the relative strengths and weaknesses of the respective claims asserted.").

settlement is the "product of arm's length negotiations conducted by experienced counsel knowledgeable in complex class litigation," the negotiation enjoys a "presumption of fairness." *In re Austrian and German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 173–74 (S.D.N.Y. 2000); *see also Wal–Mart Stores*, 396 F.3d at 116. Here, the settlement was negotiated by lawyers with substantial experience in litigation complex cases, including many class actions, and the mediation process was overseen by a retired federal judge.

The Second Circuit identified nine factors in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 462–63 (2d Cir. 1974) (abrogated on other grounds), that district courts should consider in evaluating a proposed class action settlement:

> (1) the complexity, expense and likely duration of the litigation, (2) the reaction of the class to the settlement, (3) the stage of the proceedings and the amount of discovery completed, (4) the risks of establishing liability, (5) the risks of establishing damages, (6) the risks of maintaining the class action through the trial, (7) the ability of the defendants to withstand a greater judgment, (8) the range of reasonableness of the settlement fund in light of the best possible recovery, and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*Grinnell*, 495 F.2d at 463. These factors heavily favor granting preliminary approval.

**A.  The Litigation is Complex and Will Be Expensive and Lengthy.**

The Settlement Agreement provides significant monetary and injunctive benefits to the members of the Settlement Class while avoiding the significant expenses and delays attendant to discovery and motion practice related to summary judgment, class certification and trial. Indeed, "[m]ost class actions are inherently complex and settlement avoids the costs, delays and multitude of other problems associated with them." *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 174 (S.D.N.Y. 2000). The Settlement Class includes all persons in the United States who were customers of Smart One at any time during the Class Period. Having to engage in motion practice with respect to the consumer protection laws of multiple states would

be extremely time consuming and expensive. Moreover, completion of discovery alone, and the subsequent related expert reports, likely discovery disputes, and motions for class certification and summary judgment will result in the expenditure of substantial time and expense by the parties.

Moreover, continued litigation would necessitate numerous depositions of Plaintiff and Defendant's personnel, as well as expert witnesses. The resulting fact-intensive trial will also result in significant expenses to all parties. Any judgment will likely be appealed, extending the costs and duration of the litigation. The Settlement Agreement, on the other hand, will result in prompt and equitable payments to the members of the Settlement Class and important injunctive relief that protect current class members and future consumers of Defendant's products. Thus, this factor weighs in favor of settlement.

**B.  The Reaction of The Class Will Likely Be Positive.**

While the reaction of absent class members cannot be conclusively gauged until notice has been sent, the fact that Plaintiff and Plaintiff's experienced counsel support the Settlement Agreement is a strong indication that members of the Settlement Class will also view it positively.

**C.  The Current Stage of The Litigation And The Discovery That Has Occurred Favors Preliminary Approval.**

This case has been litigated for approximately two-and-a-half years. The legal issues in this case have been thoroughly vetted through Defendant's aggressive motions to dismiss. Moreover, Plaintiff and Defendant engaged in informal discovery as well as arms-length negotiations through and experienced mediator. Furthermore, Plaintiff's counsel conducted a thorough investigation of Plaintiff's claims in the context not only of Smart One's practices but those of other companies using similar business models. The parties are not required to complete

11

discovery for the Court to preliminarily approve the settlement.[8] Class Counsel is well positioned to evaluate the merits of the Lawsuit and the proposed settlement.

### D.  Plaintiff Faces Substantial Hurdles in Establishing Liability.

The Settlement Agreement should be preliminarily approved because Plaintiff faces substantial hurdles in establishing liability. Indeed, "[l]itigation inherently involves risks." *In re PaineWebber Ltd. Partnerships Litig.*, 171 F.R.D. 104, 126 (S.D.N.Y. 1997).

First, Defendant argues, that neither it nor its representatives represented that Smart One rates would be always be lower than those of local utility companies and other Energy Service Companies ("ESCOs"). Second, Defendant argues that it had no duty to disclose any of the alleged omitted facts to Plaintiff and class members. If Defendant can prove these claims, establishing liability will be quite difficult. These are but a few of the hurdles and difficulties that Plaintiff may face in establishing liability against Smart One.

Plaintiff's counsel is confident in its ability to prove Plaintiff's case. Nonetheless, the Settlement Agreement avoids the risks inherent in further litigation, and therefore this factor weighs in favor of preliminary approval.

### E.  Plaintiff Faces Substantial Hurdles in Proving Damages.

In order to prove damages, Plaintiff must prove that Defendant's rates were not "competitive in the industry" or determined in response to "changing [energy] market

---

[8] *See Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 176 (S.D.N.Y. 2000) ("'To approve a proposed settlement, the Court need not find that the parties have engaged in extensive discovery . . . it is enough for the parties to have engaged in sufficient investigation of the facts to enable the Court to intelligently make . . . an appraisal of the Settlement.'
Additionally, 'the pretrial negotiations and discovery must be sufficiently adversarial that they are not designed to justify a settlement . . . [but] an aggressive effort to ferret out facts helpful to the prosecution of the suit.'") (citing *Plummer v. Chemical Bank*, 668 F.2d 654 (2d Cir. 1982) and quoting *Martens v. Smith Barney, Inc.,* 181 F.R.D. 243, 263 (S.D.N.Y. 1998)).

conditions"; that Defendant's marketing materials represented falsely that they would be; that the disclosures made by Defendant in connection with its marketing and contracts were insufficient; and that Plaintiff (and the putative class) would have received a better rate if they had not switched energy suppliers. This is an expensive and challenging task. First, while Plaintiff is confident that Plaintiff's expert can collect and collate pricing data in such a way that class and individual damages can be determined, that task is immense. Not only are there numerous states involved, but rates vary within states based on the local utility, and rates vary over time. Not only must Plaintiff's expert collect and collate data from Defendant with regard to its rates, but he must also collect data regarding the historical rates charged by local utilities and other ESCOs to identify the market rate. Thus, there are substantial obstacles Plaintiff must overcome to prove damages in this case, a factor favoring approval of the Settlement Agreement.

**F.   Maintaining The Class Action Through Trial May Be Challenging.**

Plaintiff is confident in the ability to maintain this action as a class through trial. Nonetheless, Plaintiff recognizes that there are substantial hurdles in being able to do so.  First, Defendant used a variety of advertisements and methods to enroll its customers. Defendant will no doubt argue that differences between the advertisements putative class members viewed (or did not view) precludes certification of a class and defendants will similarly dispute the extent to which those advertisements raise common questions of law and fact that predominate over individual issues, making the proposed settlement a fair and adequate alternative to continued litigation. Second, each class member may have been damaged in differing amounts, depending on the amount of energy used, the supplier from which that class member switched, and their geographic location. Thus, demonstrating that damages can be handled on a class-wide basis will

be challenging (although Plaintiff is confident that Plaintiff's expert can develop a data set demonstrating each class members' damages).

Plaintiff has not yet moved to certify a class. A class determination outside of settlement proceedings will require extensive and expensive briefing by both parties, the outcome of which is by no means assured. This factor therefore favors preliminary approval.

### G. The Defendant May Not be Able To Withstand A Substantially Greater Judgment.

The ability of the Defendant to withstand a substantially greater judgment is by no means assured. While Plaintiff has no concerns that Smart One has the ability to pay all claims made in the context of this Settlement Agreement, there is no certainty that Smart One could bear the large statutory and compensatory damages award that could be assessed were the case to proceed through trial. In any event, a "defendant['s] ability to withstand a greater judgment, standing alone, does not suggest that the settlement is unfair. *Austrian and German Bank Holocaust Litig.*, 80 F. Supp. 2d at 178.

### H. The Settlement Amounts Are Reasonable in Light of the Best Possible Recovery And In Light Of All The Attendant Risks of Litigation.

The adequacy of the settlement amount offered should be judged "in light of the strengths and weaknesses of the plaintiff['s] case." *In re Med. X-Ray*, No. 93-5904, 1998 WL 661515, at *5 (E.D.N.Y. Aug. 7, 1998). That the settlement amount is less than the maximum potential recovery is not a barrier to approval. *See Grinnell Corp.*, 495 F.2d at 455 ("[T]here is no reason, at least in theory, why a satisfactory settlement could not amount to a hundredth or even a thousandth part of a single percent of the potential recovery.").[9] Indeed, judging whether a

---

[9] *See also Cagan v. Anchor Sav. Bank FSB*, No. 88-3024, 1990 WL 73423, at *12 (E.D.N.Y. May 22, 1990) (approving $2.3 million class settlement where maximum potential recovery was approximately $121 million).

settlement is reasonable "is not susceptible of a mathematical equation yielding a particularized sum." *In re Michael Milken and Associates Sec. Lit.*, 150 F.R.D. 57, 66 (S.D.N.Y. 1993).

Here, there is a broad range of potential recovery if the case were to be litigated to judgment by trial. Under the Maryland Consumer Protection Act claim, Md. Code, Com. Law §§ 13-101, et seq., Plaintiff stands to recover his reasonable attorneys' fees. If a class were to be certified, these damages could apply as to each class member.  Accordingly, damages owed the Settlement Class could be substantial. On the other hand, Smart One could prevail on its legal arguments to defeat liability entirely, resulting in no recovery for class members. Given this broad range of possible damages, the Settlement Agreement provides a substantial recovery that falls well within the range that courts have traditionally found to be fair and adequate under the law.

Moreover, the fact that the Settlement Agreement provides for a prompt payment to claimants favors approval of the settlement. *See Teachers' Ret. Sys. of Louisiana v. A.C.L.N., Ltd.*, No. 01-11814, 2004 WL 1087261, at *5 (S.D.N.Y. May 14, 2004) ("[T]he proposed Settlement provides for payment to Class members now, not some speculative payment of a hypothetically larger amount years down the road. . . . Given the obstacles and uncertainties attendant to this complex litigation, the proposed Settlement is within the range of reasonableness, and is unquestionably better than the other likely possibility – little or no recovery.") (citing *In re "Agent Orange" Prod. Liab. Litig.*, 611 F. Supp. 1396, 1405 (E.D.N.Y.1985) ("[M]uch of the value of a settlement lies in the ability to make funds available promptly.") (modified on other grounds)). Therefore, these factors militate in favor of approving the Settlement Agreement.

## VI.    THE COURT SHOULD CONDITIONALLY CERTIFY THE CLASS

"Under Federal Rule 23(c)(1), 'the court can make a conditional determination of whether an action should be maintained as a class action, subject to final approval at a later date.'" *Ayzelman v. Statewide Credit Services Corp.,* 238 F.R.D. 358, 362 (E.D.N.Y. 2006) (citation and quotation marks omitted). "Certification of a class for settlement purposes only is permissible and appropriate." *Reade–Alvarez v. Eltman, Eltman & Cooper, P.C.,* 237 F.R.D. 26, 31 (E.D.N.Y. 2006) (citation omitted). Where a class is proposed in connection with a motion for preliminary approval, "a court must ensure that the requirements of Rule 23(a) and (b) have been met." *Denney v. Deutsche Bank AG,* 443 F.3d 253, 270 (2d Cir. 2006). Courts employ a "'liberal rather than restrictive construction' of Rule 23, 'adopt[ing] a standard of flexibility' in deciding . . . certification." *Marisol A. v. Giuliani,* 126 F.3d 372, 377 (2d Cir. 1997).

Plaintiff seeks the conditional certification of the following Rule 23 class for purposes of effectuating the settlement:

> All Persons in the United States who, during the Class Period, were customers enrolled in a Smart One variable rate energy plan.

> Excluded from the Settlement Class are: Smart One; any of its parents, subsidiaries, or affiliates; any entity controlled by any of them; any officer, director, employee, legal representative, predecessor, successor, or assignee of Smart One; the Judge presiding over this action or related action; any person who has previously released claims that will be released by this Settlement; any person who filed a valid, timely request for exclusion (*i.e.*, an Opt-Out); and any federal, state, and local governments (including all agencies and subdivisions thereof, but excluding employees thereof).

Because all of the certification requirements for settlement purpose are met and Defendant consents to conditional certification of a class action settlement purposes, Plaintiff respectfully requests that the Court conditionally certify the Settlement Class.

16

**A.  The Settlement Class Satisfies Rule 23(a).**

There are five Rule 23(a) requirements (numerosity, commonality, typicality, adequacy and ascertainability), all of which the Settlement Class satisfies.

**1.  The Class Is So Numerous That Joinder of All Members Is Impracticable.**

As the Settlement Class includes current and former Smart One customers in the United States, it is estimated to far exceed many hundreds of members, rendering joinder impracticable. *See Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members.") (citation omitted).

**2.  There Are Questions of Law or Fact Common to The Class.**

Rule 23(a) provides that there must be "questions of law or fact common to the class" for a suit to be certified as a class action. Fed. R. Civ. P. 23(a)(2). "Commonality does not mandate that all class members make identical claims and arguments, only that common issues of fact or law affect all class members. Generally, courts have liberally construed the commonality requirement to mandate a minimum of one issue common to all class members." *Trief v. Dun & Bradstreet Corp.*, 144 F.R.D. 193, 198-99 (S.D.N.Y. 1992) (citations omitted).

Here, there are many common issues of fact and law, to wit, whether Smart One's direct and indirect representations regarding its rates are misleading and deceptive, and whether its natural energy rates are commensurate with, or substantially higher than, the rates charged by Defendant's competitors in the market.

**3.  Plaintiff's Claims Are Typical Of The Class**.

Rule 23(a)(3) provides that the claims of the Plaintiff must be "typical of the claims of . . . the class." Fed. R. Civ. P. 23(a)(3). Rule 23(a)(3) is satisfied "when each class member's claim arises from the same course of events and each class member makes similar legal arguments to

prove the defendant's liability." *Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993) (citation omitted). "When the same 'unlawful conduct was directed at both the named plaintiff and the class to be represented, the typicality requirement is usually met irrespective of varying fact patterns which underlie individual claims.'" *D'Alauro v. GC Services Ltd. P'ship*,168 F.R.D. 451, 456-57 (E.D.N.Y. 1996) (citations omitted). Here, the claims of the Plaintiff and those of the members of the Settlement Class arise from the same alleged conduct. Defendant purportedly represents "to potential customers that, if they switch to Smart One from their regulated local utilities or other energy suppliers, they will receive *a low introductory rate* on their energy bills, followed by purportedly *competitive market-based rates and savings on their energy bills*; i.e., that any changes in Smart One's prices will stem from, and be tied to, *changes in prevailing market conditions*." SAC, ¶ 1 (emphasis added).

Plaintiff alleges that these are material misrepresentations that caused him injury because Plaintiff believed he would be saving money by switching to Smart One, but instead, ended up paying substantially more for his gas supply. SAC, ¶ 24. Moreover, Defendant's alleged misrepresentations and omissions regarding its rates would (according to plaintiff) be material to any reasonable consumer. *See Bildstein v. MasterCard Int'l Inc.*, 329 F. Supp. 2d 410, 414 (S.D.N.Y. 2004) ("[A] material claim is one that involves information that is important to consumers and, hence, likely to affect their choice of, or conduct regarding, a product.") (citation omitted). *See also Galvan v. KDI Distribution Inc.*, No. 08-0999, 2011 WL 5116585, at *10 (C.D. Cal. Oct. 25, 2011) ("[R]epresentations regarding price are material to a purchase"); *F.T.C. v. Windward Mktg., Inc.*, No. 96-615, 1997 WL 33642380, at *10 (N.D. Ga. Sept. 30, 1997) ("[A]ny representations concerning the price of a product or service are presumptively material.").

**4.   Plaintiff Will Fairly and Adequately Protect the Interest of the Class.**

Rule 23(a)(4) requires that "the representative parties fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). To determine adequacy, the Court must inquire as to whether "1) plaintiff's interests are antagonistic to the interest of other members of the class and 2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation." *Claridge v. N. Am. Power & Gas, LLC*, No. 15-CV-1261 (PKC), 2016 WL 7009062, at *5 (S.D.N.Y. Nov. 30, 2016) (citation omitted). Here, there is no indication that Plaintiff, who enrolled as a Smart One customer just like members of the Settlement Class, has any interests antagonistic to the other members of the Settlement Class.

To the contrary, Plaintiff has been actively protecting the interests of the class.  Plaintiff has engaged in the prosecution of this matter since its inception, having consistently conferred with his counsel, reviewed the various versions of the complaints, provided documents, and consulted with counsel regarding the propriety of the settlement. Moreover, Plaintiff's attorneys are qualified, experienced and able to conduct the litigation.

**5.   Class Members Are Readily Identifiable and Ascertainable.**

Rule 23 also contains an "implicit requirement" that the class be precise and ascertainable. *Guzman v. VLM, Inc.*, No. 07-1126, 2008 WL 597186, at *4 (E.D.N.Y. Mar. 2, 2008). Here, Defendant has identifying information for all of its customers to whom it sold energy, including their names, addresses, and the number of bills they received from Smart One. The Settlement Class is thus precise and readily identifiable.

**B.  The Settlement Class Satisfies Rule 23(b)(3).**

Rule 23(b)(3) provides that questions of law or fact common to class members must "predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3).

19

In addition, Plaintiff must demonstrate that "[a] class action is superior to other methods for fairly and efficiently adjudicating the controversy." *Id.*

### 1.   Common Questions Predominate Over Individual Issues.

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623 (1997). Predominance thus requires that "the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole . . . predominate over those issues that are subject only to individualized proof." *In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 136 (2d Cir. 2001) (*superseded by statute on other grounds as stated in Attenborough v. Const. and Gen. Bldg. Laborers' Local 79,* 238 F.R.D. 82, 100 (S.D.N.Y.2006).

Here, Defendant's liability turns on whether its representations regarding rates are considered deceptive and misleading (as alleged by Plaintiff) and every class member's claim may be proven by the same (or similar) set of facts. Moreover, determining whether Settlement Class members were injured will turn on largely common proof regarding the extent to which Smart One's rates are higher than the rates otherwise available in the market. In any event, "when common questions of law or fact predominate regarding liability, the existence of individual questions as to damages is generally unimportant." *Guzman v. VLM, Inc.*, No. 07-1126, 2008 WL 597186, at *8 (E.D.N.Y. Mar. 2, 2008). In addition, the Settlement Class handily satisfies Rule 23(a)'s requirements, which "goes a long way toward satisfying the Rule 23(b)(3) requirement of commonality." *Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986) (citation omitted).

**2.   A Class Action Is The Superior Method For Adjudicating This Controversy**

Rule 23(b)(3) also requires a determination as to whether a class action is the superior means to adjudicate the class' claims. The rule sets forth a list of relevant factors: class members' interest in bringing individual actions; the extent of existing litigation by class members; the desirability of concentrating the litigation in one forum; and potential issues with managing a class action. Fed. R. Civ. P. 23(b)(3)(A-D). It is well settled that a class action is the superior method of adjudication where, as here, "the proposed class members are sufficiently numerous and seem to possess relatively small claims unworthy of individual adjudication due to the amount at issue . . . [and] there is reason to believe that class members may lack familiarity with the legal system, discouraging them from pursuing individual claims." *Jankowski v. Castaldi*, No. 01-0164, 2006 WL 118973, at *4 (E.D.N.Y. Jan. 13, 2006). Certification of the Settlement Class will allow for efficient adjudication of claims that would likely not be brought owing to prohibitive legal expenses, while at the same time preserving scarce judicial resources. Therefore, a class action is a superior method of adjudicating this case.

## VII.   PLAINTIFF'S COUNSEL SHOULD BE APPOINTED AS CLASS COUNSEL

Charles J. LaDuca, of Cuneo Gilbert & LaDuca, LLP ("CGL"), and Richard D. Greenfield of Greenfield & Goodman, LLC, should be appointed as Class Counsel. Rule 23(g) enumerates four factors for evaluating the adequacy of proposed counsel:

> (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and types of claims of the type asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(C)(i).[10] All of these factors militate in favor of appointing Mr. LaDuca and Mr. Greenfield as Class Counsel. CGL and Greenfield & Goodman, LLC spent a significant amount of time identifying and investigating Plaintiff's claims before commencing this Lawsuit. CGL and Greenfield & Goodman, LLC have extensive experience in complex litigation and class actions, particularly those involving alleged consumer frauds, as demonstrated by the numerous times the firm and its attorneys have been appointed Class Counsel. *See* LaDuca Dec., Exhibit 3 at ¶4. Finally, CGL and Greenfield & Goodman, LLC are established law firms that currently litigate dozens of cases in state and federal courts throughout the nation, and they have more than sufficient resources to represent the Class.

## VIII.   THE PROPOSED CLASS NOTICE IS APPROPRIATE

Rule 23(c)(2)(B) requires that the class members receive "the best notice that is practicable under the circumstances, including individual mailed notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). The Rule also requires that any such notice clearly and concisely state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through an attorney if the member so desires; that the court will exclude from the class any member who requests exclusion; the time and manner for requesting exclusion; and the binding effect of a class judgment on class members under Rule 23(c)(3). Fed. R. Civ. P. 23(b)(2)(B).

Here, Smart One has class members' names and addresses, and Defendant has agreed to provide that information to the Settlement Administrator, who will send direct written notice

---

[10] *See also deMunecas v. Bold Food, LLC*, No. 09-00440, 2010 WL 2399345, at *3 (S.D.N.Y. Apr. 19, 2010) ("The work that [plaintiff's counsel] has performed both in litigating and settling this case demonstrates their commitment to the class and to representing the class's interests.").

(the "Short Form Notice") to each class member. That notice provides all of the information required under Rule 23(b)(2)(B), and it "fairly apprise[s] the prospective members of the class of the pendency of the class action, the terms of the proposed settlement, and the options that are open to them in connection with the proceedings, including the option to withdraw from the settlement." *Reade-Alvarez v. Eltman, Eltman & Cooper, P.C.*, 237 F.R.D. 26, 34 (E.D.N.Y. 2006). The Short Form Notice also directs class members to an Internet website where they can find further information, including the "Long Form Notice" which provides further details regarding the litigation, the settlement and the settlement process. The Short Form Notice also includes a phone number for class members who wish to request a copy of the Long Form Notice without using the Internet. Therefore, Plaintiff respectfully requests that the Court approve the forms of notice attached as Exhibits 4 and 5.

## IX.    CONCLUSION

As the above analysis and supporting documents demonstrate, the proposed Settlement clearly meets the standards for preliminary approval. Therefore, Plaintiff respectfully requests that this Honorable Court enter an order in the form accompanying this Motion (a) certifying, for settlement purposes, the Class; (b) preliminarily approving the proposed settlement described in the Settlement Agreement filed concurrently herewith; (c) authorizing the form and method of class notice described herein and filed concurrently herewith; (d) setting a date for the Final Approval Hearing to consider final approval of the settlement; and (e) granting such other and additional relief as the Court deems just and appropriate.


Dated: May 5, 2017                                            Respectfully submitted,

By: /s/ Charles LaDuca
Charles J. LaDuca
Beatrice Yakubu
Cuneo Gilbert & LaDuca, LLP
4725 Wisconsin Avenue NW, Suite 200
Washington, DC 20016
Telephone: (202) 789-3960
Email: Charles@cuneolaw.com
        byakubu@cuneolaw.com

Richard D.  Greenfield
Greenfield and Goodman LLC
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (917) 495-4446
Email: whitehatrdg@earthlink.net